UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JOSE HERRERA-PEREZ,<br><br>         Defendant. | Case No.:  18-mj-22672-BLM-CAB<br><br>**ORDER DENYING APPEAL FROM MAGISTRATE DECISION [Doc. No. 38] AND AFFIRMING CONVICTION AND SENTENCE** |

  Defendant Jose Eduardo Herrera-Perez appeals the Magistrate Judge's denial of his motion to compel discovery on his claim that the United States Border Patrol selectively enforces Title 8 U.S.C. § 1325 based on language. [Doc. No. 38.] On March 15, 2019, Defendant filed an opening brief. [Doc. No. 46.] On March 29, 2019, the government filed an answering brief. [Doc. No. 47.] For the reasons set forth below, the court **DENIES** the appeal and **AFFIRMS** the conviction and sentence.

BACKGROUND

  On November 2, 2018, a Border Patrol agent found Jose Eduardo Herrera-Perez hiding under brush, in a rural area about 1 mile north of the border and 7 miles east of the Tecate Port of Entry. [Doc. No. 45, Transcript of Proceedings ("Tr."), 23:5, 28:18-19.] Herrera admitted he was a citizen of Mexico with no right to be in the United States. [Tr.

1  29:11-14.] Herrera was arrested and charged with illegal entry in violation of 8 U.S.C. §
2  1325(a)(2). [Tr. 30:5-7; Doc. 1.]

3   Post-arrest, Herrera was advised of his *Miranda* rights. [Tr. 40:11-12.] Herrera
4  stated that he understood those rights and was willing to answer questions without an
5  attorney present. [Tr. 40:14-16.] Herrera admitted to being a citizen of Mexico without
6  immigration documents that would allow him to enter or remain in the United States
7  legally. [Tr. 44:15-21; Gov. Ex. 7. (Post-arrest transcript) 074:17-19.] Herrera also stated
8  that he crossed the border the previous day at 8:00 p.m. by walking through the
9  mountains in Tecate. [Tr. 44:23-24; 45:1.]

10  Magistrate Judge Barbara L. Major set trial for January 18, 2019. [Doc. 13.] A
11  briefing schedule was also set. *Id.* On December 28, 2018, Herrera filed his motion to
12  compel discovery of selective enforcement by United States Border Patrol of Title 8
13  U.S.C. § 1325 based on language. [Doc. 26.] On January 10, 2019, the United States filed
14  its response in opposition to Herrera's motion to compel discovery on selective
15  enforcement. [Doc. 29.]

16  On January 18, 2019, at the motion hearing Judge Major denied Herrera's motion
17  to compel discovery on selective enforcement. [Tr. 9-14.] A bench trial was held
18  following the motion hearing where Herrera was convicted of illegal entry in violation of
19  Title 8 U.S.C. § 1325(a)(2). [Tr. 56:8-11; Doc. 33.] The Court then proceeded directly to
20  sentencing and imposed a time-served sentence. [Tr. 60:16-17; Doc. 33.] This appeal
21  follows.

22  LEGAL STANDARD

23  "A defendant may appeal a magistrate judge's judgment of conviction or sentence
24  to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B); see also 18
25  U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge." Fed.
26  R. Crim. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the
27  court of appeals from a judgment entered by a district judge." *Id*. Defendant's appeal in
28  this case was timely filed.

## DISCUSSION

Defendant appeals the Magistrate Judge's denial of his motion to compel discovery on his claim that the United States Border Patrol selectively enforces Title 8 U.S.C. §1325 based on language. To support his motion, Defendant proffers statistics allegedly showing that the number of non-Spanish/English speaking defendants in magistrate judge proceedings declined between June and November 2018. The Court was well within its discretion[1] in denying the motion after finding Defendant's data and statistical assertions speculative. Defendant ignores alternate explanations for the trends he purports to show and jumps to the conclusion that selective enforcement occurred. In doing so, Defendant analyzes too short of a timeframe to give his data real meaning, especially since his data comprises a pool of defendants charged with *any* crime at all, not just those charged with violating § 1325.

Moreover, the Court properly concluded that Defendant's statistics do not show a consistent decrease. In fact, Defendant's statistics show the number of prosecutions of non-Spanish/English speaking defendants actually increases for consecutive months during his narrow timeframe. The Court also correctly observed that Defendant's data is misleading because it compares Spanish/English speaking defendants with those who speak any other language or dialect, when some indigenous languages are simply not prosecuted because interpreters cannot be found.

Finally, the Court did not abuse its discretion in finding the requested documents immaterial[2] because, even if selective enforcement had occurred, it would not violate the

---

[1] The court's ruling on a motion for discovery relating to a claim of selective enforcement or discriminatory prosecution is reviewed for an abuse of discretion. *See United States v. Sellers*, 906 F.3d 848, 851 (2018).

[2] To obtain discovery, Defendant "must make a prima facia showing of materiality [under Fed.R.Crim.P 16(a)(1)(E)(i)]." *United States v. Zone*, 403 F.3d 1101, 1107 (9th Cir. 2005).

Constitution because there is rational basis[3] for only prosecuting defendants that speak languages for which the Court can secure an interpreter.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's appeal from the Magistrate Judge's decision [Doc. No. 38] and **AFFIRMS** Defendant's conviction and sentence.

**IT IS SO ORDERED.**

Dated: March 11, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] Language classifications are subject to rational basis review. *See Olagues v. Russoneillo*, 770 F.2d 791, 802 (9th Cir. 1985)